IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX CICCOTELLI, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : AMENDED COMPLAINT FOR |
| TRIPLE-S MANAGEMENT | : VIOLATION OF THE SECURITIES |
| CORPORATION, LUIS A. CLAVELL | : EXCHANGE ACT OF 1934 |
| RODRÍGUEZ, CARI M. DOMÍNGUEZ, | : |
| ROBERTA HERMAN, MANUEL | : |
| FIGUEROA COLLAZO, STEPHEN L. | : |
| ONDRA, ROBERTO GARCÍA | : |
| RODRÍGUEZ, GAIL B. MARCUS, DAVID | : |
| H. CHAFEY JR., and ROBERTO SANTA | : |
| MARÍA-ROS, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On August 23, 2021, Triple-S Management Corporation ("Triple-S" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Guidewell Mutual Holding Corporation ("Guidewell") and Guidewell Merger, Inc. ("Merger Sub").

2. Under the terms of the Merger Agreement, Triple-S's stockholders will receive $36.00 in cash per share.

3. On November 4, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Triple-S common stock. Plaintiff is a resident of this District.

9. Defendant Triple-S is a Puerto Rico corporation. Triple-S's common stock is traded on the New York Stock Exchange under the ticker symbol "GTS."

10. Defendant Luis A. Clavell Rodriguez is Chairman of the Board of Directors of Triple-S (the "Board").

11. Defendant Cari M. Dominguez is a member of the Board.

12. Defendant Robert Herman is a member of the Board.

13. Defendant Manuel Figueroa Collazo is a member of the Board.

14. Defendant Stephen L. Ondro is a member of the Board.

15. Defendant Roberto García Rodríguez is President, Chief Executive Officer, and a member of the Board.

16. Defendant Gail B. Marcus is a member of the Board.

17. Defendant David H. Chafey, Jr. is a member of the Board.

18. Defendant Santa Maria-Ros is a member of the Board.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20. Triple-S is a health services company that serves more than one million customers in Puerto Rico, which represents nearly one-third of the island's population.

21. On August 23, 2021, Triple-S entered into the Merger Agreement.

22. The press release announcing the Proposed Merger provides as follows:

GuideWell Mutual Holding Corporation ("GuideWell"), a health solutions company and parent of Blue Cross and Blue Shield of Florida, Inc. ("Florida Blue"), and Triple-S Management Corporation ("Triple-S Management") (NYSE: GTS), a leading health care services company in Puerto Rico, today announced they will combine to transform the health care experience for their members in Florida and Puerto Rico.

Under the terms of the definitive agreement, GuideWell will acquire all the outstanding shares of Triple-S Management common stock for $36.00 per share in cash, representing a premium of approximately 49% to Triple-S Management's 90-day volume-weighted average trading price. The transaction (the "Transaction") equity value is approximately $900 million. Upon completion of the Transaction, Triple-S Management will become a subsidiary of GuideWell and will continue to operate under the Triple-S Management brand. The agreement was unanimously approved by both companies' Boards of Directors.

The combination brings together industry leaders – and builds on the companies' complementary assets, cultures and strategic visions. GuideWell is a not-for-profit mutual holding company and the parent to a family of forward-thinking companies, including Florida Blue, that are focused on transforming health care. In total, GuideWell companies serve more than 45 million people in 45 states. Florida Blue is the oldest and largest health insurer in Florida, proudly serving more than 5 million members across all 67 counties in the state. Triple-S Management serves more than 1 million consumers in Puerto Rico, with a strong position in Medicare Advantage, a leading position in Puerto Rico Medicaid and commercial segments, and solid foundations in its Life and P&C segments.

The Transaction positions GuideWell, Florida Blue and Triple-S Management to better serve customers and members in a rapidly evolving environment. The combined entity will be a well-diversified leader, strongly positioned to compete effectively and invest substantially to drive improved health outcomes, access and affordability.

"The Transaction expands GuideWell's core insurance operations and positions Florida Blue and Triple-S Management for significant growth and meaningful value creation for the customers and communities we serve," said Pat Geraghty, president and chief executive officer of GuideWell and Florida Blue. "Florida Blue and Triple-S Management are both recognized for their high-quality, affordable health care and their actions deeply rooted in supporting community well-being. With Puerto Rico's outlook strengthening, and Florida experiencing fast-paced growth, especially in its Puerto Rican and Hispanic populations, this is a natural next step."

"Uniting our mission-driven, community-focused teams is a great outcome for our companies, as well as for Puerto Rico and Florida, and our shareholders," said Roberto Garcia-Rodriguez, president and chief executive officer of Triple-S Management. "We have long admired Florida Blue's locally focused approach to care, and we share their respect for the uniqueness of every community served. By partnering with a strong organization that shares our mission and approach, we will be well positioned to achieve our strategic goals, expand access and improve health care outcomes for all our members. The Transaction is also clearly in the best interests of our shareholders, given the strategic fit, the significant premium to our current share price and resulting shareholder liquidity."

The Transaction:

- **Builds on deep local expertise to address the unique needs of Florida Blue's and Triple-S Management's diverse customers, driving improved health outcomes, affordability, access and health equity.** Triple-S Management and Florida Blue will work together to launch culturally relevant solutions and improve key drivers of health.

> Triple-S Management's deep understanding of the Puerto Rican and Hispanic communities, its Spanish-speaking provider network and customer support, and its strong name and brand recognition in Puerto Rico will benefit Florida Blue as the Puerto Rican and Hispanic communities continue to experience fast-paced growth in Florida.
>
> · **Accelerates GuideWell's and Triple-S Management's diversification and growth.** GuideWell and Triple-S Management will leverage each other's capabilities and expertise to improve health care value for their respective customers. For example, the Transaction will accelerate Florida Blue's growth in Medicare Advantage and across all lines of business in Florida's rapidly growing Puerto Rican and Hispanic populations.
>
> · **Addresses affordability and enables increased investment.** As overall health care costs continue to rise, the companies' expanded scale and reach will enable them to address affordability and continue to invest in accessible, effective health solutions.
>
> · **Drives immediate accretion and propels long-term growth through scale advantages.** GuideWell expects the Transaction to be immediately accretive. The Transaction will create a leading provider of Medicare in the United States, enabling Florida Blue and Triple-S Management to better compete against other insurers in Florida and Puerto Rico.

**Transaction Details**

The Transaction will be completed through a merger of a newly created subsidiary of GuideWell with and into Triple-S Management, with Triple-S Management as the surviving corporation. Following completion of the Transaction, Triple-S Management will operate as a wholly owned subsidiary of GuideWell and will continue to be led by its current management team while operating under the Triple-S Management brand. Triple-S Management's providers, members and community partners will continue to work with the Triple-S Management staff they know and trust.

The Transaction is expected to close in the first half of 2022, subject to satisfaction of normal closing conditions, including customary state and federal regulatory review and approval as well as approval by Triple-S Management shareholders.

**Advisors**

J.P. Morgan Securities LLC is serving as exclusive financial advisor to GuideWell, and Cravath, Swaine & Moore LLP is serving as legal counsel. Goldman Sachs & Co. LLC is serving as exclusive financial advisor to Triple-S Management, and Davis Polk & Wardell LLP is serving as legal counsel.

23.     On August 23, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

24.     The Proxy fails to disclose material information regarding Triple-S's financial projections, specifically: the line items underlying the projections.

25.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

26.     The Proxy fails to disclose material information regarding the financial analyses conducted by Goldman, Sachs & Co. LLC ("Goldman Sachs").

27.     Regarding Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values used by Goldman Sachs; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates used by Goldman Sachs; (iii) the future tax benefits used by Goldman Sachs; and (iv) the number of fully diluted outstanding shares of common stock used by Goldman Sachs.

28.     Regarding Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy fails to disclose the inputs and assumptions underlying the discount rate used by Goldman Sachs.

29.     Regarding Goldman Sachs' Premia Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed by Goldman Sachs; and (ii) the premiums paid in the transactions observed by Goldman Sachs.

30.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

## COUNT I

**Claim Against the Individual Defendants and Triple-S for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

31.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

32.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

33.     Triple-S is liable as the issuer of these statements.

34.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

35.     The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

36.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

37. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

38. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

39. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

40. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

41. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Triple-S within the meaning of Section 20(a) of the Exchange Act as alleged herein.

43. Due to their positions as officers and/or directors of Triple-S and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to

control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

46. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

47. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

48. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

49. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

50. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for

attorneys' and experts' fees; and

F.	Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  November 24, 2021                    **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*